FUEL SERVICE COMPANY, A CORPORATION, PLAINTIFF-APPELLANT, v. ARMSTRONG COAL COMPANY, DEFENDANT-RESPONDENT.

Submitted October 15, 1926—Decided February 14, 1927.

**Contracts—Sale of Coal—Delay in Delivery—Verdict For Defendant, Vendee—Question of Fact Regarding Verbal Contract, Whether Made Over Phone or at an Earlier Time—If Made Over Phone There was no Stipulation Regarding Delivery—Held, Supreme Court Cannot Review Finding of Fact of a District Court When Supported by Evidence.**

On appeal from a judgment of the District Court of the city of Passaic.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Benjamin E. Gordon.*

For the respondent, *Edward F. Merrey.*

PER CURIAM.

This is an appeal by the plaintiff below (hereinafter called the plaintiff) from a judgment of the District Court of the city of Passaic rendered in favor of the defendant (hereinafter called the defendant). The action was brought to recover the price of a carload of coal alleged to have been sold and delivered by the plaintiff to the defendant. The facts gathered from the testimony which is included in the record are as follows: On February 8th, 1926, Martin Baruden, treasurer and general manager of the Armstrong Coal Company (the defendant), was in the New York office of the Fuel Service Company (the plaintiff). Baruden wanted coal. The anthracite strike was in progress and his company was in great need of fuel. Baruden asked Melvin J. Nichols, a salesman of the Fuel Service Company, if he could procure for Baruden's company coal. He wanted nut size. Nichols testified that he told Baruden that he would see what could be done, and that on the next day he telephoned Baruden that he could obtain the coal. It was to be a car of nut Pocohontas, which was a bituminous coal, but was considered a good substitute for anthracite. The price was $8.25 per ton. Baruden said he would take the coal, according to the testimony of Nichols. An acknowledgment of the order and the terms of the sale was sent to the Armstrong Coal Company, and it was returned signed "Armstrong Coal Co." On February 12th, 1926, the anthracite coal strike was suddenly settled. The price of substitutes immediately went down. The documents offered in evidence show that the coal was shipped to the defendant on February 11th, 1926. There was a delay in transit as the coal did not reach the yards of the defendant in Paterson, New Jersey, until March 5th, 1926. On March 1st, Baruden notified the Fuel Service Company that he would not take the coal. Baruden says, in his testimony, he canceled the order. When the car arrived on March 5th the defendant refused to receive delivery of the car from the railroad company. This suit was then instituted.

At the trial the plaintiff proved the conversation which lead up to the alleged sale, and produced the written con-

tract signed by the defendant. The defense was that the contract was not made over the telephone, but at the office of the plaintiff on February 8th, 1926, and that as a part of the contract the plaintiff agreed to make delivery of the coal at Paterson within eight or ten days. The defendant repudiated the alleged acknowledgment of the order. The District Court reserved its decision. The judge later rendered a decision in favor of the defendant. No written opinion was filed. There is merely an entry on the docket that the court gave judgment for the defendant. The signature on the acknowledgment of the order which embodied the terms of the sale was denied by Baruden. From his testimony it can be inferred that the stenographer signed the acknowledgment and mailed it to the plaintiff. She did not testify. There were other officers that might have signed it. They did not testify.

In this state of the testimony there was a disputed question of fact. Was the contract made in New York on February 8th, 1926, and did it include the guaranty of delivery within eight or ten days at Paterson, as Baruden testified, or was it made over the telephone, as Mr. Nichols, of the plaintiff company, testified, and confirmed by the written acknowledgment of the defendant received later by the plaintiff, which contained no mention of the time within which delivery was to be made as testified to at the trial by Baruden? To arrive at the decision rendered by the District Court, the testimony of Baruden had to be accepted and that of the plaintiff's witnesses rejected. Unfortunately, this court cannot review findings of fact made by the District Court when supported by evidence. *Duff* v. *Prudential Insurance Co.*, 90 *N. J. L.* 646; *Breithart* v. *Lurich*, 98 *Id.* 556.

The judgment is accordingly affirmed.